Electronically Filed
Intermediate Court of Appeals
30288
25-APR-2011
07:51 AM

NO. 30288

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SAMUEL D. KAHAWAI, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 09-1-0043 (CR NO. 89-0194))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Petitioner-Appellant Samuel D. Kahawai (Kahawai) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief, filed on December 30, 2009, in the Circuit Court of the First Circuit (Circuit Court).[1]

Following a jury trial finding Kahawai guilty of Robbery in the Second Degree, he was sentenced on July 19, 1989, to an extended sentence pursuant to Hawaii Revised Statutes (HRS) § 706-662 (Supp. 1989) and as a repeat offender pursuant to HRS § 706-606.5 (Supp. 1989). Kahawai's conviction was affirmed on direct appeal.

---

[1]The Honorable Michael D. Wilson presided.

On February 16, 2005, Kahawai filed a Petition for Post-Conviction Relief, pursuant to Hawaiʻi Rules of Penal Procedure (HRPP), Rule 40. On August 18, 2005, the Circuit Court denied the Petition, and Kahawai did not appeal that decision.

On September 24, 2009, Kahawai filed a second Petition for Post-Conviction Relief, pursuant to HRPP Rule 40. Kahawai claimed that his extended sentence was illegal because the statute that he was sentenced under was declared unconstitutional in State v. Maugaotega, 115 Hawaiʻi 432, 168 P.3d 562 (2007) (Maugaotega II) and was therefore void *ab initio*. In his memorandum supporting the Petition, Kahawai expressly stated that he was not asserting that Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny should be applied retroactively to his case. On December 30, 2009, the Circuit Court denied this Petition without holding a hearing. Kahawai appeals from this decision.

On appeal, Kahawai contends: (a) the Circuit Court erred by denying his Petition without holding a hearing; (b) he had ineffective assistance of trial counsel; (c) he was denied due process of law and the right to a fair trial; (d) there was prosecutorial misconduct; (e) his extended sentence is illegal under, *inter alia*, Maugaotega II and Apprendi because a jury must make appropriate findings, not the trial judge; (f) the extended sentencing statute was void *ab initio*; and (g) the Circuit Court erred in not assigning him counsel to assist him in his Rule 40 petition.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kahawai's points of error as follows:

2

(1) Kahawai failed to raise before the Circuit Court all but one of the issues he now raises in his points of error on appeal. In particular, he did not raise in his Rule 40 Petition below his claims that: he received ineffective assistance of trial counsel; he was denied due process of law and the right to a fair trial; prosecutorial misconduct; his extended sentence is illegal under Maugaotega II and Apprendi because a jury must make appropriate findings, not the trial judge;[2] and the Circuit Court failed to assign him counsel for his Rule 40 petition. "Normally, an issue not preserved at trial is deemed to be waived. But where plain errors were committed and substantial rights were affected thereby, the errors may be noticed although they were not brought to the attention of the trial court." State v. Fagaragan, 115 Hawai'i 364, 367-68, 167 P.3d 739, 742-43 (App. 2007) (citations, internal quotation marks, and brackets omitted). For each of Kahawai's claims raised for the first time in this appeal, he has waived those claims, and there is no basis in the record to support plain error.

Additionally, Kahawai did not assert these issues in his first Rule 40 Petition filed in 2005, and he does not claim the existence of extraordinary circumstances for failing to raise the issues in the first Petition. On this additional basis, the issues are waived and relief is not available pursuant to HRPP Rule 40. HRPP Rule 40(a)(3).

(2) The only issue that Kahawai raised in his Rule 40 Petition before the Circuit Court is his claim that the extended sentencing statute, HRS § 706-662, is void *ab initio* given the

---

[2] As noted above, this claim was expressly waived in Kahawai's memorandum supporting the Petition before the Circuit Court. Even if this issue had not been waived, it has been clearly established that Maugaotega II and Apprendi do not apply retroactively to cases like this where Kahawai's conviction and sentence were final before Apprendi was decided. State v. Gomes, 107 Hawai'i 308, 312-14, 113 P.3d 184, 188-90 (2005); Loher v. State, 118 Hawai'i 522, 537-38, 193 P.3d 438, 453-54 (App. 2008).

ruling by the Hawai'i Supreme Court in Maugaotega II. However, case law following Maugaotega II establishes that the extended sentencing statute was not void *ab initio*. See State v. Jess, 117 Hawai'i 381, 407-15, 184 P.3d 133, 159-67 (2008); State v. Cutsinger, 118 Hawai'i 68, 79-82, 185 P.3d 816, 827-30 (App. 2008), *overruled in part on other grounds by* Jess, 117 Hawai'i at 398 n.17, 184 P.3d at 150 n.17. Therefore, the Circuit Court properly denied Kahawai's Rule 40 Petition.

(3) The Circuit Court did not err by denying Kahawai's Rule 40 Petition without holding a hearing because Kahawai made no colorable claim that entitled him to relief. Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994).

Therefore,

IT IS HEREBY ORDERED that the Circuit Court's Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief, filed on December 30, 2009, is affirmed.

DATED: Honolulu, Hawai'i, April 25, 2011.

On the briefs:

Samuel D. Kahawai
Petitioner-Appellant Pro Se

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

4